UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

      v.                                    **DECISION AND ORDER**
                                                    14-CR-7S

DENNIS HENNEMAN,

                          Defendant.

On August 13, 2014, this Court sentenced Defendant Dennis Henneman to, *inter alia*, 12 months and one day in prison and five years of supervised release for possessing child pornography in violation of 18 U.S.C. § 2252A (a)(5)(B). (Docket Nos. 25, 28.) Presently before this Court is Henneman's request to modify the conditions of his supervised release to relieve him of the obligation to submit to polygraph examinations as part of his sex-offender treatment. (Docket No. 35.) For the reasons that follow, Defendant's motion is denied.

As a condition of his release, Henneman must "enroll, attend, and participate in mental health intervention specifically designed for the treatment of sexual offenders as approved by the U.S. Probation Office." (Docket No. 28.) He must also "comply with the mandates of the treatment program and is not to leave such treatment until discharge is agreed to by the U.S. Probation Office and treating agency." (Docket No. 28.)

Henneman now challenges the mandates of his sex-offender treatment program, specifically the requirement that he submit to polygraph examinations as part of his treatment. He argues that polygraph examinations are not part of a standard of care for the treatment of sex offenders and that requiring him to participate violates his Fifth

1

Amendment right against self-incrimination.  The Second Circuit has rejected both arguments.

In United States v. Johnson, the Second Circuit found that a polygraph examination "can help penetrate deception and encourage an offender to confront his own motivations and behaviors."  446 F.3d 272, 278 (2d Cir. 2006).  And as the government notes, academic literature also concludes that polygraph examinations are an effective tool in the treatment of sex offenders.  See, e.g., English, et al., Sexual Offender Containment: Use of the Postconviction Polygraphy, Annals of the New York Academy of Science, 989: 411-427 (2003).  Though contrary articles may exist, as Henneman notes, this Court nonetheless finds that polygraph testing is indicated in the treatment of sex offenders and consistent with the objectives of sentencing.  See Johnson, 446 F.3d at 278 (finding that use of polygraph examinations in sex-offender treatment programs "further sentencing objectives such as rehabilitation and deterrence, with reasonably small incremental deprivations of liberty").

As for Henneman's Fifth Amendment argument, "[t]he Second Circuit has long held that polygraph testing may be imposed properly as a special condition of supervised release without violating Fifth Amendment principles."  Gjurovich v. United States, No. 5:01-CR-215, 2009 WL 3232139, at *2 (N.D.N.Y. Oct. 1, 2009) (citing Johnson, 446 F.2d at 277).  And the Second Circuit continues to recognize its approval of polygraphs in sex-offender cases:

> In the supervision context, we have held that a condition requiring polygraph tests for defendants convicted of sex crimes does not violate the right against self-incrimination as long as the supervisee retains the right to challenge in a court of law the use of incriminating statements as violations of his

Fifth Amendment rights.

United States v. Ramos, 685 F.3d 120, 126-27 (2d Cir. 2012) (citing Johnson, 446 F.3d at 278-80, in turn citing Asherman v. Meachum, 957 F.2d 978 (2d Cir. 1992) (en banc)).

In Johnson, the Second Circuit approved the district court's imposition of a polygraph condition that was limited to "information necessary for supervision, case monitoring, and treatment." Johnson, 446 F.3d at 275. The court described that condition as follows:

> The court limited the scope of examinations to "information necessary for supervision, case monitoring, and treatment," and made clear that (though Johnson would be compelled to answer) "if a truthful answer would expose him to a prosecution for a crime different from the one on which he was already convicted," he would preserve his "right to challenge in a court of law the use of such statements as violations of his Fifth Amendment rights" – or, "[i]n other words, [Johnson] must answer the questions posed to him, but, by answering, he will not be waiving his Fifth Amendment rights with respect to any criminal prosecution unrelated to the conviction for which he is now on supervised release."

Id. (quotations and alterations in original).

Accordingly, although Henneman must fully participate and cooperate in his sex-offender treatment program, including submitting to polygraph examinations,[1] he retains the right to challenge the use of any incriminating statements as violations of his Fifth Amendment rights, consistent with Johnson.

---

[1] Consistent with Johnson, the polygraph examinations must be limited to "information necessary for supervision, case monitoring, and treatment." Johnson, 446 F.3d at 275.

IT HEREBY IS ORDERED, that Defendant's Motion to Modify Supervised Release Conditions (Docket No. 35) is DENIED.

FURTHER, that Defendant must fully participate and cooperate in his sex-offender treatment program, including submitting to polygraph examinations, but he retains the right to challenge the use of any incriminating statements as violations of his Fifth Amendment rights, consistent with <u>United States v. Johnson</u>, 446 F.3d 72 (2d Cir. 2006).

FURTHER, that Defendant shall closely follow the directives of his Probation Officer consistent with the terms of his supervised release.

SO ORDERED.

Dated:     November 13, 2015
           Buffalo, New York

<u>s/William M. Skretny</u>
WILLIAM M. SKRETNY
United States District Judge